## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERRYWEAR, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NIKE, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)  Case No. 1:23-cv-11599<br>)<br>)  Jury Trial Demanded<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, SherryWear, LLC ("SherryWear"), through its undersigned counsel, hereby brings the following allegations, and asserts the following claims against the above-named Defendant, NIKE, Inc. ("NIKE"), to enforce its patents and obtain monetary and injunctive relief and recover its reasonable attorneys' fees and costs:

## NATURE OF THE ACTION

1.      This is an action for willful direct and indirect infringement of SherryWear's U.S. Patent Nos. 9,295,288 ("the '288 Patent"); 9,723,878 ("the '878 Patent"); 9,808,036 ("the '036 Patent"); 9,289,016 ("the '016 Patent"); 10,244,800 ("the '800 Patent"); 10,219,550 ("the '550 Patent"); 10,219,551 ("the '551 Patent");  and 10,869,510 ("the '510 Patent") (collectively, the "Pocket Bra Patents"), in violation of the Patent Act, 35 U.S.C. § 271, based on NIKE's unauthorized commercial making, use, offer for sale, sale, and importation of its products titled "Swoosh On The Run," "Swoosh Bra," "Swoosh Pocket Bra," and variations of those products (collectively, the "Infringing Products") in the United States.

1

2.      SherryWear seeks injunctive relief to prevent NIKE from continuing to infringe the Pocket Bra Patents. In addition, SherryWear seeks monetary damages resulting from NIKE's past and ongoing infringement of the Pocket Bra Patents.

## THE PARTIES

3.      SherryWear, LLC is a Florida limited liability company with its principal place of business at 1786 Cypress Lane, Vero Beach, Florida 32963.

4.      NIKE, Inc. is an Oregon corporation with its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

## JURISDICTION AND VENUE

5.       This is an action for patent infringement arising under the patent laws of the United States. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over NIKE because NIKE regularly solicits and conducts business in Massachusetts through its operation of eight NIKE retail stores in the state. This Court also has personal jurisdiction over NIKE because NIKE has committed and continues to commit acts of infringement in Massachusetts, including but not limited to using, offering to sell, and selling the Infringing Products in Massachusetts, and importing the Infringing Products into Massachusetts.

7.      Venue lies in this district pursuant to 28 U.S.C. § 1400(b) because NIKE has committed acts of infringement within this district and has at least one regular and established place of business within this district.

## POCKET BRA PATENTS

8.      On March 29, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 9,295,288 ("the '288 Patent"), entitled "Pocket Bra System." A true and accurate copy of the '288 Patent is attached hereto as **Exhibit 1.**

9.      On March 22, 2016, the USPTO duly and legally issued U.S. Patent No. 9,289,016 ("the '016 Patent"), entitled "Pocket Bra System." A true and accurate copy of the '016 Patent is attached hereto as **Exhibit 2**.

10.     On August 8, 2017, the USPTO duly and legally issued U.S. Patent No. 9,723,878 ("the '878 Patent"), entitled "Pocket Bra System." A true and accurate copy of the '878 Patent is attached hereto as **Exhibit 3**.

11.     On November 7, 2017, the USPTO duly and legally issued U.S. Patent No. 9,808,036 ("the '036 Patent"), entitled "Pocket Bra System." A true and accurate copy of the '036 Patent is attached hereto as **Exhibit 4**.

12.     On April 2, 2019, the USPTO duly and legally issued U.S. Patent No. 10,244,800 ("the '800 Patent"), entitled "Bra Pocket System." A true and accurate copy of the '800 Patent is attached hereto as **Exhibit 5**.

13.     On March 5, 2019, the USPTO duly and legally issued U.S. Patent No. 10,219,550 ("the '550 Patent"), entitled "Pocket Bra System." A true and accurate copy of the '550 Patent is attached hereto as **Exhibit 6**.

14.     On March 5, 2019, the USPTO duly and legally issued U.S. Patent No. 10,219,551 ("the '551 Patent"), entitled "Bra Pocket System." A true and accurate copy of the '551 Patent is attached hereto as **Exhibit 7**.

15.     On December 22, 2020, the USPTO duly and legally issued U.S. Patent No. 10,869,510 ("the '510 Patent"), entitled "Bra Pocket System." A true and accurate copy of the '510 Patent is attached hereto as **Exhibit 8**.

16.     SherryWear is the lawful assignee and exclusive owner of all rights, title, and interest in and to the Pocket Bra Patents, including rights to sue for acts of past, present, and future infringement.

## BACKGROUND

17.     A graduate of Babson College's renowned entrepreneurial program, Sherry Goff founded SherryWear to empower women "one Pocket Bra at a time."[1]

18.     The Pocket Bra allows women to keep their "most precious possessions close, convenient, and safe in a comfortable [and] fashionable manner."[2]

19.     The Pocket Bra is a bra comprising built-in pockets that is designed, developed, marketed, and sold by SherryWear.

20.     To protect the intellectual property covering the Pocket Bra, SherryWear spent considerable time and money developing the Pocket Bra Patents. SherryWear filed its first patent application on April 26, 2011. By early 2015, SherryWear had filed a total of four patent applications, two of which were issued.

21.     On June 18, 2015, Ms. Goff submitted SherryWear's then-issued and pending patents, and photographs of a SherryWear pocket bra, to NIKE via "NIKE Idea Submission," an

---

[1] *PocketBra® Mission & Vision*, POCKETBRA.COM, https://pocketbra.com/pages/mission (last visited July 13, 2023).
[2] *Id.*

4

online idea submission platform operated by NIKE. A copy of the June 18, 2015 NIKE Idea Submission is attached hereto as **Exhibit 9**.

22.     The images below portray the photographs that SherryWear submitted to NIKE:



**Pocket Bra**

23.     On information and belief, NIKE did not respond to SherryWear's 2015 Idea Submission.

24.     In January 2017, Ms. Goff again tried to pitch her idea to NIKE. Ms. Goff contacted several high-ranking employees at NIKE via LinkedIn messenger including Evan Reynolds, then-Head of Marketplace Strategic Investments; Rick Boyd, then-Patent Footwear specialist; Nathan Plowman, then-Senior Director at NIKE; and Hillary Krane, then-General Counsel for NIKE. A copy of the correspondence is attached hereto as **Exhibits 10 & 11**.

25.     On February 7, 2017, Ms. Krane forwarded Ms. Goff's communications to Paul Saraceni, then-VP of Global IP Transactions & Licensing at NIKE. *See* **Exhibit 11**.

26.     Also, on February 7, 2017, Mr. Saraceni asked Ms. Goff to send a "non-confidential list of IP assets that [SherryWear] had begun to market for sale." *Id.*

27.     Upon Mr. Saraceni's request, Ms. Goff promptly sent Mr. Saraceni a list of SherryWear's then-issued and pending patents.

5

28.     Between February and March of 2017, Mr. Saraceni and Ms. Goff communicated again by email regarding the licensing or purchasing of SherryWear's intellectual property. A copy of the February and March 2017 correspondence is attached hereto as **Exhibit 12**.

29.     On March 24, 2017, Mr. Saraceni emailed Ms. Goff stating, "[w]e will respectfully pass on the opportunity." *See* **Exhibit 12**.

30.     On May 17, 2017, only fifty-five days after Mr. Saraceni emailed Ms. Goff that NIKE would "pass on the opportunity," NIKE filed U.S. patent application 15/597,364, entitled "Bra With Storage Pockets." A copy of the U.S. patent application 15/597,364 is attached hereto as **Exhibit 13**.

31.     On September 22, 2017, Ms. Goff again submitted SherryWear's Pocket Bra idea and patents to NIKE via NIKE Idea Submission. A copy of the September 22, 2017 Submission is attached hereto as **Exhibit 14**.

32.     On September 28, 2017, six days after Ms. Goff submitted SherryWear's second NIKE Idea Submission, NIKE filed U.S. patent application 15/718,171, entitled "Bra With Storage Pockets." A copy of U.S. patent application 15/718,171 is attached hereto as **Exhibit 15**.

33.     On October 20, 2017, Barrett Inman of NIKE's legal department responded to SherryWear's second NIKE Idea Submission stating, "[t]here is no interest in pursuing your submission." A copy of Mr. Inman's October 20, 2017 response is attached hereto as **Exhibit 16**.

34.     While NIKE claims to have had no interest in SherryWear's products, in September 2017, NIKE hired clothing designer, Nicole Rendone, to develop women's pocket bras. Ms. Rendone is identified on NIKE's filings and is listed as the purported inventor on patent applications, 15/597,364 and 15/718,171.

35.     On information and belief, Ms. Rendone held the following titles at NIKE: "Design Director Nike Women[']s Design and Innovation – Bras" and "Senior Creative Director Global Design and Innovation Women[']s – Bras."

36.     At least as early as January of 2019, NIKE began making, using, offering to sell, selling, and importing products that infringe certain claims of the Pocket Bra Patents.

37.     In January 2019, in response to NIKE selling at least some of the Infringing Products, Ms. Goff emailed Mr. Saraceni once more and stated, "Hi Paul, We have spoken in the past, and I do now see at least one product of yours that is infringing on my side panel patent but also my newest back pocket patent that I have a notice of allowance on." A copy of the January correspondence is attached hereto as **Exhibit 17**.

38.     On or about January 19, 2021, SherryWear, through counsel, sent a letter to NIKE informing NIKE that certain NIKE products were infringing certain claims of the Pocket Bra Patents. NIKE did not respond to the January 19, 2021 letter. A copy of the January 19, 2021 letter is attached hereto as **Exhibit 18**.

39.     On or about July 7, 2021, SherryWear, through counsel, sent another letter to NIKE informing NIKE that certain NIKE products were infringing certain claims of the Pocket Bra Patents. NIKE did not respond. A copy of the July 7, 2021 letter is attached hereto as **Exhibit 19**.

40.     On or about June 26, 2023, NIKE received a third letter, through the undersigned counsel, that the Infringing Products were infringing certain claims of the Pocket Bra Patents. Counsel advised NIKE that SherryWear would take further steps to protect its intellectual property rights against NIKE if NIKE failed to respond to the letter by July 10, 2023. NIKE did not provide a substantive response addressing the points in the June 26 letter. A copy of the June 26, 2023, letter is attached hereto as **Exhibit 20**.

41.     NIKE was informed by SherryWear of SherryWear's patents prior to filing its own pocket bra patent application 15/597,364, and used its "Idea Submission" platform to better assess SherryWear's products.

42.     NIKE has and continues to infringe certain claims of the Pocket Bra Patents.

**NIKE'S "SWOOSH ON THE RUN" POCKET BRA INFRINGES<br>
<u>CERTAIN POCKET BRA PATENTS</u>**

43.     NIKE makes, uses, offers for sale, sells, and imports a sports bra with pockets titled, "Swoosh On The Run."

44.     On information and belief, NIKE introduced the Swoosh On The Run in 2022.

45.     The Swoosh On The Run has one back pocket and two front pockets. The below photos portray the Swoosh On The Run:

| Swoosh On The Run |
|:---:|
|  |

46.     The Swoosh On The Run infringes certain claims of the '036, '288, '510, '550, and '800 Patents as evidenced by the attached charts. A copy of the Claim Charts demonstrating evidence of use by the Swoosh On The Run are attached hereto as **Exhibits 21-25**.



| Swoosh On The Run | Pocket Bra Patents |
|---|---|
| | **FIG. 13 of the '800 and '510 Patents** |
| **Swoosh On The Run** | **FIG. 9 of the '288, '036, and '550 Patents** |

47.     The Swoosh On The Run is labeled, "Made in Vietnam;" on information and belief, NIKE imports the Swoosh On the Run into the United States to offer for sale and sell.

48.     On multiple occasions SherryWear made NIKE aware that NIKE's making, using, offering for sale, selling, and importing a bra with the characteristics of the Swoosh On The Run would infringe the Pocket Bra Patents.

49.     NIKE directly sells the Swoosh On The Run on its website at https://www.nike.com/t/swoosh-on-the-run-womens-medium-support-lightly-lined-sports-bra-with-pockets-qQtjGS/DV9914-010, a copy of which is attached hereto as **Exhibit 26**. On information and belief, NIKE also sells the Swoosh On The Run at its retail stores in Massachusetts.

50.     NIKE has and continues to actively induce others to directly infringe the '036, '288, '510, '550, and '800 Patents.

51.     Third parties, including DICK'S Sporting Goods, for instance, have and continue to offer for sale and sell the Swoosh On The Run, directly infringing claims '036, '288, '510, '550, and '800.[3] A copy of DICK'S Sporting Goods' website is attached hereto as **Exhibit 27**.

52.     NIKE's marketing materials state that the Swoosh On The Run's "3 mesh-lined pockets hold your phone, a snack or an extra layer so you can explore without limits." NIKE's marketing materials also contain pictures demonstrating a phone inserted into the Swoosh On The Run's back pocket. *See* **Exhibit 26**.

53.     NIKE has never had authority to use, offer, sell, or import any product or assembly covered by the Pocket Bra Patents or actively induce others to do so.

54.     By continuing to engage in commercial activities described above, NIKE is knowingly, deliberately, and intentionally infringing the Pocket Bra Patents.

---

[3] *Nike Women's Swoosh On The Run Sports Bra*, DICKSSPORTINGGOODS.COM, https://www.dickssportinggoods.com/p/nike-womens-swoosh-on-the-run-sports-bra-22nikwswshnthrnbrapu/22nikwswshnthrnbrapu (last visited July 13, 2023).

### NIKE'S "SWOOSH POCKET BRA" (AND VARIATIONS THEREOF) INFRINGES <u>CERTAIN POCKET BRA PATENTS</u>

55.     NIKE makes, uses, offers for sale, sells, and imports a sports bra with pockets, titled "Swoosh Pocket Bra."

56.     On information and belief, NIKE also markets the Swoosh Pocket Bra under the name "Icon Clash" including on the Backcountry.com's website, a retailer of athletic and outdoor apparel and equipment.[4] A copy of the website is attached hereto as **Exhibit 28**.

57.     On information and belief, NIKE introduced the Swoosh Pocket Bra in 2019.

58.     The Swoosh Pocket Bra has one back pocket, two side pockets, and a front pocket intermediate to the bra's two cups. The below photos portray the Swoosh Pocket Bra:

| Swoosh Pocket Bra |
|---|
|  |

59.     The Swoosh Pocket Bra infringes certain claims of the '016, '510, '551, '878, and '800 Patents as evidenced by the attached charts. A copy of the Claim Charts demonstrating evidence of use by the Swoosh Pocket Bra are attached hereto as **Exhibits 29-33**.

---

[4] *Swoosh Icon Clash Pocket Bra*, BACKCOUNTRY.COM, https://www.backcountry.com/nike-swoosh-icon-clash-pocket-bra-womens (last visited July 13, 2023).



| Swoosh Pocket Bra | Pocket Bra Patents |
|---|---|
| **Swoosh Pocket Bra** | **FIG. 13 of the '800 and '510 Patents** |
| **Swoosh Pocket Bra** | **FIG. 11 of the '016, '551, and '878 Patents** |

60.     The Swoosh Pocket Bra is labeled, "Made in Vietnam;" on information and belief, NIKE has imported the Swoosh Pocket Bra into the United States to offer for sale and sell.

61.     On multiple occasions SherryWear made NIKE aware that NIKE's making, using, offering for sale, selling, and importing a bra with the characteristics of the Swoosh Pocket Bra would infringe the Pocket Bra Patents.

12

62.     On information and belief, NIKE no longer sells the Swoosh Pocket Bra; however, prior to ceasing sales, NIKE sold the Swoosh Pocket Bra on its website. On information and belief, NIKE also sold the Swoosh Pocket Bra at its retail stores in Massachusetts.

63.     On information and belief, NIKE induced others to directly infringe the '016, '510, '551, '878, and '800 Patents before NIKE ceased selling the Swoosh Pocket Bra.

64.     Third parties have and continue to use, offer for sale and sell the Swoosh Pocket Bra, directly infringing claims '036, '288, '510, '550, and '800, including, for instance, Backcountry.com. A copy of the Backcountry.com website is attached hereto as **Exhibit 28.**

65.     NIKE has never had authority to use, offer for sale, sell, or import any product or assembly covered by the Pocket Bra Patents or actively induce others to do so.

66.     By continuing to engage in commercial activities described in this Complaint, NIKE is knowingly, deliberately, and intentionally infringing the Pocket Bra Patents.

## NIKE'S "SWOOSH BRA" (AND VARIATIONS THEREOF) INFRINGES CERTAIN POCKET BRA PATENTS

67.     NIKE makes, uses, offers for sale, sells, and imports a sports bra with pockets, titled "Swoosh Bra."

68.     On information and belief, NIKE introduced the Swoosh Bra in 2019.

69.     The Swoosh Bra has one back pocket, two side pockets, and a front pocket intermediate to the bra's two cups. The below photos portray the Swoosh Bra:

| Swoosh Bra |
|:---:|
|  |

70.     The Swoosh Bra infringes certain claims of the '016, '510, '551, '878, and '800 Patents as evidenced by the attached charts. A copy of the Claim Charts demonstrating evidence of use by the Swoosh Bra are attached hereto as **Exhibits 34-38**.

| Swoosh Bra | Pocket Bra Patents |
|:---:|:---:|
| **Swoosh Bra** | **FIG. 13 of the '800 and '510 Patents** |
|  | |



| Swoosh Bra | FIG. 11 of the '016, '551, and '878 Patents |
|---|---|

71.     The Swoosh Bra is labeled, "Made in Sri Lanka;" on information and belief, NIKE has imported the Swoosh Bra into the United States to offer for sale and sell.

72.     On multiple occasions SherryWear made NIKE aware that NIKE's making, using, offering for sale, selling, and importing a bra with the characteristics of the Swoosh Bra would infringe the Pocket Bra Patents.

73.     On information and belief, NIKE no longer sells the Swoosh Bra; however, prior to ceasing sales, NIKE sold the Swoosh Bra on its website and in its retail stores in Massachusetts.

74.     Third parties have and continue to use, offer for sale, and sell the Swoosh Pocket Bra, directly infringing claims '036, '288, '510, '550, and '800, including, for instance, Poshmark, a social commerce marketplace.[5] A copy of the Poshmark website is attached hereto as **Exhibit 39.**

75.     On information and belief, NIKE's marketing materials induced others to directly infringe the '016, '510, '551, '878, and '800 Patents before NIKE ceased selling the Swoosh Bra.

_____

[5] *NIKE Women's Pocket Medium Support Bra*, POSHMARK.COM, https://poshmark.com/listing/NIKE-Womens-Pocket-Medium-Support-Bra-5fadd8dd93649ffa40903769 (last visited July 13, 2023).

76.     NIKE has never had authority to use, offer, sell, or import any product or assembly covered by the Pocket Bra Patents or actively induce others to do so.

77.     By continuing to engage in commercial activities described in this Complaint, NIKE is knowingly, deliberately, and intentionally infringing the Pocket Bra Patents.

### COUNT I
### Direct and Indirect Patent Infringement of the '550 Patent, 35 U.S.C. § 271

78.     SherryWear hereby incorporates the above paragraphs as if fully restated herein.

79.     SherryWear is the lawful owner of and maintains all rights, title, and interest in and to the '550 Patent, including the right to sue thereon and the right to recover for infringement thereof.

80.     The '550 Patent is generally directed to a pocket bra with front pockets.

81.     NIKE directly and indirectly infringes at least claims 8, 9, 11, 12, 13, and 14 of the '550 Patent. *See* **Exhibit 24**.

82.     The Swoosh On the Run satisfies each and every limitation of claim 8 because it is a pocket bra comprising: a strap assembly with a chest strap; left and right cups, each cup being an area to receive a breast of a wearer and having inside and outside surfaces, the strap assembly being attached to the cups whereby the strap assembly connects the cups to the wearer, each cup having upper, lower, interior body facing, and opposite exterior edges; a patch forming a pocket operatively associated with at least one of the left and right cups, the patch having an upper edge, a lower edge, and an exterior edge, the patch having inside and outside surfaces; the lower edge of the patch coupled to the bra adjacent to a lower edge of the at least one of the left and right cups, and the exterior edge of the patch coupled adjacent to the exterior edge of the at least one of the left and right cups, a pocket opening formed along the upper edge of the patch being unconnected

to the at least one of the left and right cups; the pocket opening capable of repeated receiving and removal of an item when being worn by the wearer; and wherein the upper edge of the patch crosses over a surface of the cup to form the opening, the upper edge crossing such that the opening faces the interior edge of the at least one of the left and right cup to which it is attached.

83.     Inserting an item (e.g., a mobile phone or air pods) into the Swoosh On The Run's front pocket(s) satisfies each element of Claim 10 of the '550 Patent.

84.     NIKE's infringement has been willful, intentional, and deliberate. NIKE knows, or should have known, that making, using, offering to sell, selling, and importing the Swoosh On The Run would infringe the '550 Patent. Nevertheless, NIKE infringed and continues to infringe the '550 Patent.

85.     NIKE has, and continues to, willfully, intentionally, and deliberately induce others to offer to sell, sell and/or use the Swoosh On The Run.

86.     As the direct and proximate result of NIKE's conduct, SherryWear has suffered—and will continue to suffer—economic harm, irreparable injury, and damages in an amount to be proven at trial. SherryWear seeks permanent injunctive relief in addition to damages.

87.     SherryWear is also entitled to enhanced damages and reasonable attorneys' fees adequate to compensate for NIKE's willful infringement and other conduct.

## COUNT II
## Direct and Indirect Patent Infringement of the '036 Patent, 35 U.S.C. § 271

88.     SherryWear hereby incorporates all of the above paragraphs as if fully restated herein.

17

89.     SherryWear is the lawful owner of and maintains all rights, title, and interest in and to the '036 Patent, including the right to sue thereon and the right to recover for infringement thereof.

90.     The '036 Patent is generally directed to a pocket bra with front pockets.

91.     NIKE directly and indirectly infringes at least claims 1, 2, 5, 6, 7, 9, 10, and 18 of the '036 Patent. *See* **Exhibit 21**.

92.     The Swoosh On the Run satisfies each and every limitation of claim 1 because it is a pocket bra comprising: a strap assembly comprising a chest strap; and comprising left and right cups, each cup being an area to receive a breast of a wearer and having inside and outside surfaces, the strap assembly being attached to the cups whereby the strap assembly connects the cups to the wearer, each cup having upper, lower, interior body facing, and opposite exterior edges; a patch forming a pocket operatively associated with at least one of the left and right cups, the patch having an upper edge, a lower interior body facing edge, and an opposite lower exterior edge, the patch having inside and outside surfaces; stitching coupling the lower interior body facing edge, and the opposite lower exterior edge of the patch to at least one of the lower, interior body facing, and opposite exterior edges of the at least one of the left and right cups, or the chest strap; an opening formed along the upper edge of the patch; the opening capable of repeated receiving and removal of an item when being worn by the wearer; and wherein the upper edge of the patch crosses over a surface of the cup to form the opening, the upper edge of the patch being offset from an upper edge of the cup.

93.     Inserting an item (e.g., a mobile phone or air pods) into the Swoosh On The Run's front pocket(s) satisfies each element of claims 3 and 8 of the '036 Patent. On information and belief, NIKE has inserted an item into the Swoosh On The Run's front pocket(s).

94.     NIKE's infringement has been willful, intentional, and deliberate. NIKE knows, or should have known, that making, using, offering to sell, selling and importing the Swoosh On The Run infringes the '036 Patent. Nevertheless, NIKE infringed and continues to infringe the '036 Patent.

95.     NIKE has, and continues to, willfully, intentionally, and deliberately induce others to offer to sell, sell and/or use the Swoosh On The Run.

96.     As the direct and proximate result of NIKE's conduct, SherryWear has suffered—and will continue to suffer—economic harm, irreparable injury, and damages in an amount to be proven at trial. SherryWear seeks permanent injunctive relief in addition to damages.

97.     SherryWear is also entitled to enhanced damages and reasonable attorneys' fees adequate to compensate for NIKE's willful infringement and other conduct.

## COUNT III
## Direct and Indirect Patent Infringement of the '288 Patent, 35 U.S.C. § 271

98.     SherryWear hereby incorporates all of the above paragraphs as if fully restated herein.

99.     SherryWear is the lawful owner of and maintains all rights, title, and interest in and to the '288 Patent, including the right to sue thereon and the right to recover for infringement thereof.

100.     The '288 Patent is generally directed to a pocket bra with front pockets.

101.     Inserting a handheld electronic device into the front pocket(s) of the Swoosh On The Run satisfies each element of at least claims 1, 2, 3, and 11 of the '288 Patent. *See* **Exhibit 22**.

102.     On information and belief, Nike inserts an item into the Swoosh On The Run's front pocket(s), directly infringing claims 1, 2, 3, and 11 of the '288 Patent.

103.     The Swoosh On The Run is a bra pocket system combination comprising; a strap assembly including a chest strap and shoulder straps; left and right cups, each cup having inside and outside surfaces, the strap assembly being attached to the cups whereby the strap assembly adheres the cups to a wearer, each cup having curved upper, lower, interior body facing and opposite exterior edges;  a patch forming a pocket operatively associated with each cup, each patch having a linear upper edge and curved lower, interior body facing, and opposite exterior edges, each patch having inside and outside surfaces; stitching coupling the lower, interior body facing and opposite exterior edges of each patch to the lower, interior body facing, and opposite exterior edges of an associated cup; a linear opening formed along the upper edge of each patch; at least one of a handheld electronic device, keys, and pills removably positioned within the pocket of at least one of the left and right cups; and wherein each patch curved lower interior body facing and opposite exterior edges are aligned with each curved lower interior body facing and opposite exterior edges, and wherein the stitching is along the curved lower interior body facing and opposite exterior edges of the patch, the linear upper edge of each patch crossing over a surface of the cup to form the linear opening.

104.     NIKE's infringement has been willful, intentional, and deliberate. NIKE knows, or should have known, that making, using, offering to sell, selling, and importing the Swoosh On The Run would infringe the '288 Patent. Nevertheless, NIKE infringed and continues to infringe the '288 Patent.

105.     NIKE has, and continues to, willfully, intentionally, and deliberately induce others to offer to sell, sell and/or use the Swoosh On The Run.

20

106.    As the direct and proximate result of NIKE's conduct, SherryWear has suffered—and will continue to suffer—economic harm, irreparable injury, and damages in an amount to be proven at trial. SherryWear seeks permanent injunctive relief in addition to damages.

107.    SherryWear is also entitled to enhanced damages and reasonable attorneys' fees adequate to compensate for NIKE's willful infringement and other conduct.

**COUNT IV**
**Direct and Indirect Patent Infringement of the '016 Patent, 35 U.S.C. § 271**

108.    SherryWear hereby incorporates all of the above paragraphs as if fully restated herein.

109.    SherryWear is the lawful owner of and maintains all rights, title, and interest in and to the '016 Patent, including the right to sue thereon and the right to recover for infringement thereof.

110.    The '016 Patent is generally directed to a pocket bra with side pockets.

111.    NIKE directly and indirectly infringes at least claims 1 and 2 of the '016 Patent. *See* **Exhibits 29** & **34**.

112.    The Swoosh Pocket Bra and the Swoosh Bra both satisfy each and every limitation of claim 1 because they are both pocket bra systems comprising; a strap assembly including a chest strap and shoulder straps; left cup and a right cup, each cup having inside and outside surfaces, the strap assembly being attached to the cups whereby the strap assembly holds the cups to a wearer; a side patch on one of an inside or outside surface of each side of the chest strap adjacent to each of the left cup and right cup, the side patches having upper and lower edges along at least part of a length of the strap, and side edges, each side patch having stitching along the lower and side edges thus forming an upper opening at each side patch such that each side patch forms a pocket,

and wherein each side pocket extends onto the adjacent cup, such that each pocket spans both a part of the chest strap and a part of the adjacent cup.

113.    Inserting a handheld electronic device (e.g., a mobile phone or air pods) into the Swoosh Pocket Bra's or the Swoosh Bra's side pocket(s) satisfies each element of claim 4 of the '016 Patent. On information and belief, NIKE has inserted a handheld electronic device into both bra's side pocket(s).

114.    NIKE's infringement has been willful, intentional, and deliberate. NIKE knows, or should have known, that making, using, offering to sell, selling, and importing the Swoosh Pocket Bra or the Swoosh Bra would infringe the '016 Patent. Nevertheless, NIKE infringed and continues to infringe the '016 Patent.

115.    NIKE has, and continues to, willfully, intentionally, and deliberately induce others to offer to sell, sell and/or use those products.

116.    As the direct and proximate result of NIKE's conduct, SherryWear has suffered—and will continue to suffer—economic harm, irreparable injury, and damages in an amount to be proven at trial. SherryWear seeks permanent injunctive relief in addition to damages.

117.    SherryWear is also entitled to enhanced damages and reasonable attorneys' fees adequate to compensate for NIKE's willful infringement and other conduct.

### COUNT V
### Direct and Indirect Patent Infringement of the '551 Patent, 35 U.S.C. § 271

118.    SherryWear hereby incorporates all of the above paragraphs as if fully restated herein.

119.     SherryWear is the lawful owner of and maintains all rights, title, and interest in and to the '551 Patent, including the right to sue thereon and the right to recover for infringement thereof.

120.     The '551 Patent is generally directed to a pocket bra with side pockets.

121.     NIKE directly and indirectly infringes at least claims 16-18 of the '551 Patent. *See* **Exhibits 31** & **36**.

122.     The Swoosh Pocket Bra and the Swoosh Bra both satisfy each and every limitation of claim 16 because they are both chest coverings comprising; a strap assembly including a chest strap; a left cup and a right cup, each cup being an area to receive a breast of a wearer and having inside and outside surfaces, the strap assembly being attached to the cups whereby the strap assembly holds the cups to a wearer, with the chest strap extending from the left cup towards the wearer's back and extending from the right cup towards the wearer's back;  a side patch on one of an inside or outside surface of the chest strap adjacent to at least one of the left cup and right cups, the side patch having upper and lower edges along at least part of a length of the chest strap, and side edges, the side patch upper edge lying along a same edge line as at least a portion of a top edge of the chest strap, the side patch forming an opening such that the side patch forms a pocket, the opening capable of repeated receiving and removal of an item when being worn by the wearer.

123.     Inserting an item (e.g., a mobile phone or air pods) into the Swoosh Pocket Bra's or the Swoosh Bra's side pocket(s) satisfies each element of claims 1-7 and 12, 13, and 15 of the '551 Patent. On information and belief, NIKE has inserted an item into both bra's side pocket(s). *See* **Exhibits 31** & **36**.

124.     NIKE's infringement has been willful, intentional, and deliberate. NIKE knows, or should have known, that making, using, offering to sell, selling, and importing the Swoosh Pocket

Bra or the Swoosh Bra would infringe the '551 Patent. Nevertheless, NIKE infringed and continues to infringe the '551 Patent.

125.    NIKE has, and continues to, willfully, intentionally, and deliberately induce others to offer to sell, sell and/or use those products.

126.    As the direct and proximate result of NIKE's conduct, SherryWear has suffered—and will continue to suffer—economic harm, irreparable injury, and damages in an amount to be proven at trial. SherryWear seeks permanent injunctive relief in addition to damages.

127.    SherryWear is also entitled to enhanced damages and reasonable attorneys' fees adequate to compensate for NIKE's willful infringement and other conduct.

### COUNT VI
### Direct and Indirect Patent Infringement of the '878 Patent, 35 U.S.C. § 271

128.    SherryWear hereby incorporates all of the above paragraphs as if fully restated herein.

129.    SherryWear is the lawful owner of and maintains all rights, title, and interest in and to the '878 Patent, including the right to sue thereon and the right to recover for infringement thereof.

130.    The '878 Patent is generally directed to a pocket bra with side pockets.

131.    NIKE directly and indirectly infringes at least claim 15 of the '878 Patent. *See* **Exhibits 32** & **37**.

132.    The Swoosh Pocket Bra and the Swoosh Bra both satisfy each and every limitation of claim 15 because they are both chest coverings comprising; a strap assembly including a chest strap; a left cup and a right cup, each cup being an area to receive a breast of a wearer, and having inside and outside surfaces, the strap assembly being attached to the cups whereby the strap

assembly holds the cups to a wearer, with the chest strap extending from the left cup towards the wearer's back and extending from the right cup towards the wearer's back; a left cup and a right cup, each cup being an area to receive a breast of a wearer, and having inside and outside surfaces, the strap assembly being attached to the cups whereby the strap assembly holds the cups to a wearer, with the chest strap extending from the left cup towards the wearer's back and extending from the right cup towards the wearer's back.

133.    Inserting an item (e.g., a mobile phone or air pods) into the Swoosh Pocket Bra's or the Swoosh Bra's side pocket(s) satisfies each element of claims 1, 2, 3, 14, and 17 of the '878 Patent. On information and belief, NIKE has inserted an item into both bra's side pocket(s).

134.    NIKE's infringement has been willful, intentional, and deliberate. NIKE knows, or should have known, that making, using, offering to sell, selling and importing the Swoosh On The Run would infringe the '878 Patent. Nevertheless, NIKE infringed and continues to infringe the '878 Patent.

135.    NIKE has, and continues to, willfully, intentionally, and deliberately induce others to offer to sell, sell and/or use those products.

136.    As the direct and proximate result of NIKE's conduct, SherryWear has suffered—and will continue to suffer—economic harm, irreparable injury, and damages in an amount to be proven at trial. SherryWear seeks permanent injunctive relief in addition to damages.

137.    SherryWear is also entitled to enhanced damages and reasonable attorneys' fees adequate to compensate for NIKE's willful infringement and other conduct.

## COUNT VII
## Direct and Indirect Patent Infringement of the '800 Patent, 35 U.S.C. § 271

138.    SherryWear hereby incorporates all of the above paragraphs as if fully restated herein.

139.    SherryWear is the lawful owner of and maintains all rights, title, and interest in and to the '800 Patent, including the right to sue thereon and the right to recover for infringement thereof.

140.    The '800 Patent is generally directed to a pocket bra with a back pocket.

141.    Inserting an item into the back pocket of any of the Infringing Products satisfies each element of at least claims 1, 2, 5, 7, and 10 of the '800 Patent. On information and belief, Nike inserts an item into the Infringing Product's back pockets, directly infringing claims 1, 2, 5, 7, and 10 of the '800 Patent. *See* **Exhibits 25, 33** & **38**.

142.    The Infringing Products satisfy each and every limitation of claim 1 because they are all pocket bra assemblies comprising; a strap assembly including a chest strap and shoulder straps, the chest strap having a front portion configured to be positioned on a front of a user, and a back portion configured to be positioned on a back of the user, the shoulder straps each having a front portion configured to be positioned on the front of the user, and a back portion configured to be positioned on the back of the user; a bra portion, the bra portion configured to provide support and shape breasts of the user, the strap assembly being attached to the bra portion whereby the strap assembly holds the bra portion to the user, with the chest strap extending from a first side of the bra portion towards the user's back and extending from a second opposite side of the bra portion towards the user's back; a back pocket formed entirely of stretchable fabric positioned on the back portion of at least one of the chest strap and shoulder straps, the back pocket having an

26

opening formed that is biased in a closed position at rest, providing access to a pocket interior; and an item positioned within the back pocket.

143.    NIKE's infringement has been willful, intentional, and deliberate. NIKE knows, or should have known, that making, using, offering to sell, selling and importing the Infringing Products would infringe the '800 Patent. Nevertheless, NIKE infringed and continues to infringe the '800 Patent.

144.    NIKE has, and continues to, willfully, intentionally, and deliberately induce others to offer to sell, sell and/or use those products.

145.    As the direct and proximate result of NIKE's conduct, SherryWear has suffered—and will continue to suffer—economic harm, irreparable injury, and damages in an amount to be proven at trial. SherryWear seeks permanent injunctive relief in addition to damages.

146.    SherryWear is also entitled to enhanced damages and reasonable attorneys' fees adequate to compensate for NIKE's willful infringement and other conduct.

## COUNT VIII
### Direct and Indirect Patent Infringement of the '510 Patent, 35 U.S.C. § 271

147.    SherryWear hereby incorporates all of the above paragraphs as if fully restated herein.

148.    SherryWear is the lawful owner of and maintains all rights, title, and interest in and to the '510 Patent, including the right to sue thereon and the right to recover for infringement thereof.

149.    The '510 Patent is generally directed to a pocket bra with a back pocket.

150.    NIKE directly and indirectly infringes at least claims 1, 2, 4, 7, and 11 of the '510 Patent. *See* **Exhibits 23, 30** & **35**.

151.     The Infringing Products satisfy each and every limitation of claim 1 because they are all pocket bras comprising; a strap assembly including a chest strap and shoulder straps, the strap assembly joining the chest strap and shoulder straps at a central area adapted to be positioned on a back of a wearer when worn; a bra portion comprising left and right cups, each cup being an area to receive a breast of the wearer, the strap assembly attached to the bra portion; and a back pocket formed entirely of stretchable fabric positioned on the central area; the back pocket having an opening that is biased in a closed position at rest.

152.     Inserting an item (e.g., a mobile phone or air pods) into the Infringing Products back pockets satisfies each element of claim 9 of '510 Patent. On information and belief, NIKE has inserted an item into the back pockets of each Infringing Product.

153.     NIKE's infringement has been willful, intentional, and deliberate. NIKE knows, or should have known, that making, using, offering to sell, selling, and importing the Infringing Products would infringe the '510 Patent. Nevertheless, NIKE infringed and continues to infringe the '510 Patent.

154.     NIKE has, and continues to, willfully, intentionally, and deliberately induce others to offer to sell, sell and/or use those products.

155.     As the direct and proximate result of NIKE's conduct, SherryWear has suffered—and will continue to suffer—economic harm, irreparable injury, and damages in an amount to be proven at trial. SherryWear seeks permanent injunctive relief in addition to damages.

156.     SherryWear is also entitled to enhanced damages and reasonable attorneys' fees adequate to compensate for NIKE's willful infringement and other conduct.

## DEMAND FOR JURY TRIAL

SherryWear demands a trial by jury on all matters to which it is so entitled under Fed. R. Civ. P. 38 and otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SherryWear LLC, prays for judgment against Defendant NIKE, Inc. as follows:

1. Adjudging that NIKE has infringed and actively induced infringement of the Pocket Bra Patents in violation of 35 U.S.C. § 271;

2. Granting an injunction temporarily and preliminarily during the pendency of this action, and permanently thereafter, enjoining NIKE and any subsidiaries, affiliates, parents, successors, assigns, officers, directors, agents, servants, employees, attorneys, and any and all persons or entities acting on their behalf, from infringing, contributing to the infringement of, and/or inducing infringement of the Pocket Bra Patents;

3. Ordering NIKE to account and pay damages adequate to compensate SherryWear for NIKE's infringement of the Pocket Bra Patents, including pre-judgment and post-judgment interests and costs, pursuant to 35 U.S.C. § 284;

4. Ordering an accounting for any infringing sales not presented at trial and an award by the Court for additional damages for any such infringing sales;

5. Ordering that the damages award be enhanced up to three-fold in accordance with 35 U.S.C. § 284;

6. Declaring this case exceptional and awarding SherryWear its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

7. Awarding SherryWear any such other and further relief as this Court deems just and proper under the circumstances.

Dated: July 17, 2023

Respectfully submitted,

/s/ Jameson J. Pasek
Jameson J. Pasek, Esq. (BBO# #692924)
James T. Murphy, Esq. (BBO# 712378)
**CALDWELL IP LAW LLC**
200 Clarendon Street, 59th Floor

Boston, MA 02116
jameson@caldwellip.com
tanner@caldwellip.com
(857) 990-4914

*Attorneys for Plaintiff*

## <u>TABLE OF EXHIBITS</u>

Exhibit 1 – U.S. Patent No. 9,295,288

Exhibit 2 – U.S. Patent No. 9,289,016

Exhibit 3 – U.S. Patent No. 9,723,878

Exhibit 4 – U.S. Patent No. 9,808,036

Exhibit 5 – U.S. Patent No. 10,244,800

Exhibit 6 – U.S. Patent No. 10,219,550

Exhibit 7 – U.S. Patent No. 10,219,551

Exhibit 8 – U.S. Patent No. 10,869,510

Exhibit 9 – SherryWear, LLC's June 18, 2015 Idea Submission to NIKE, Inc.

Exhibit 10 – Sherry Goff's correspondence to Evan Reynolds; Rick Boyd; and Nathan Plowman

Exhibit 11 – Sherry Goff's January and February 2017 emails with Paul Saraceni

Exhibit 12 – Sherry Goff's February and March 2017 emails with Paul Saraceni

Exhibit 13 – U.S. Patent No. 10,010,117

Exhibit 14 – SherryWear, LLC's September 22, 2017 Idea Submission to NIKE, Inc.

Exhibit 15 – U.S. Patent No. 9,943,120

Exhibit 16 – NIKE, Inc.'s October 20, 2017 Letter

Exhibit 17 – Sherry Goff's January 15, 2019 email to Paul Saraceni

Exhibit 18 – January 19, 2021 Notice Letter to NIKE, Inc.

Exhibit 19 – July 7, 2021 Notice Letter to NIKE, Inc.

Exhibit 20 – June 26, 2023 Notice Letter to NIKE, Inc.

Exhibit 21 – '036 Patent Claim Chart (Swoosh On The Run)

Exhibit 22 – '228 Patent Claim Chart (Swoosh On The Run)

Exhibit 23 – '510 Patent Claim Chart (Swoosh On The Run)

Exhibit 24 – '550 Patent Claim Chart (Swoosh On The Run)

Exhibit 25 – '800 Patent Claim Chart (Swoosh On The Run)

Exhibit 26 – NIKE, Inc.'s website advertising Swoosh On The Run

Exhibit 27 – DICK'S Sporting Goods, Inc.'s website advertising Swoosh On The Run

Exhibit 28 – Backcountry.com, LLC's website advertising Swoosh Pocket Bra

Exhibit 29 – '016 Patent Claim Chart (Swoosh Pocket Bra)

Exhibit 30 – '510 Patent Claim Chart (Swoosh Pocket Bra)

Exhibit 31 – '551 Patent Claim Chart (Swoosh Pocket Bra)

Exhibit 32 – '878 Patent Claim Chart (Swoosh Pocket Bra)

Exhibit 33 – '800 Patent Claim Chart (Swoosh Pocket Bra)

Exhibit 34 – '016 Patent Claim Chart (Swoosh Bra)

Exhibit 35 – '510 Patent Claim Chart (Swoosh Bra)

Exhibit 36 – '551 Patent Claim Chart (Swoosh Bra)

Exhibit 37 – '878 Patent Claim Chart (Swoosh Bra)

Exhibit 38 – '800 Patent Claim Chart (Swoosh Bra)

Exhibit 39 – Poshmark, Inc.'s website advertising Swoosh Bra