**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SHERRYWEAR, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-11599 |
| NIKE, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**<u>NIKE'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................... 1

II. Argument .............................................................................................................................. 1

    A. The Accused Products Do Not Contain a Pocket on the Purported Chest Strap Identified by SherryWear. ................................................................................ 1

    B. SherryWear Failed to Plausibly Plead Nike Directly Infringes Claims Requiring an Item in the Pocket ........................................................................... 2

    C. SherryWear Failed to Allege Any Facts Showing Nike's Accused Products Contain "Cups Being Fabricated of a Resilient Closed Cell Polyurethane Foam with a Thickness of from 2 to 4 Millimeters." ........................ 4

    D. Nike Complied in Good Faith with Local Rule 7.1. ................................................ 5

III. Conclusion ........................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 4

*Attabotics, Inc. v. UBRX, Inc.*,
  No. 1:21-CV-11051-ADB, 2022 WL 1989354 (D. Mass. June 6, 2022) ................................ 1

*Blue Engine Biologics v. Arteriocyte Med. Sys., Inc.*,
  No. 21-CV-11098-DJC, 2022 WL 407409 (D. Mass. Feb. 10, 2022) ..................................... 3

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) .............................................................................................. 1, 3

*Higgins v. Verizon of New England, Inc.*,
  No. CV 18-12092-NMG, 2019 WL 3546671 (D. Mass. Apr. 11, 2019) ................................. 5

*Maloney v. Town of Hinsdale*,
  C.A. No. 11-11297-MAP, 2012 WL 4103909 (D. Mass. Aug. 10, 2012) ............................... 5

*Oxygenator Water Techs., Inc. v. Tennant Co.*,
  No. 20-CV-358 (ECT/HB), 2020 WL 4572062 (D. Minn. Aug. 7, 2020) .............................. 3

*Petrosyan v. Maserati N.A., Inc.*,
  No. 19-CV-12425-DJC, 2020 WL 2104789 (D. Mass. May 1, 2020) .................................... 5

*Quantum Grp. Inc. v. Am. Sensor Inc.*,
  No. 96 C 0761, 1998 WL 766707 (N.D. Ill. Apr. 10, 1998) ................................................... 3

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 WL 6781566
  (E.D. Tex. Nov. 17, 2020) ....................................................................................................... 2

*Rampage LLC v. Glob. Graphics SE*,
  No. 16-CV-10691-ADB, 2017 WL 239328 (D. Mass. Jan. 19, 2017) .................................... 4

*Sensitech, Inc. v. LimeStone FZE*,
  581 F. Supp. 3d 342 (D. Mass. 2022) ..................................................................................... 5

**I.      INTRODUCTION**

To distract from its deficient Complaint, SherryWear accuses Nike of engaging in premature claim construction and requests that the Court infer necessary factual allegations SherryWear failed to plead. SherryWear also accuses Nike of failing to act in good faith to meet and confer, despite SherryWear's counsel confirming Nike's motion was opposed. These arguments do not support denial. Respectfully, the Court should grant Nike's Motion.

**II.      ARGUMENT**

**A.      The Accused Products Do Not Contain a Pocket on the Purported Chest Strap Identified by SherryWear.**

Contrary to SherryWear's assertions, Nike is not engaging in "premature claim construction." Dkt. 20 at 5. Nike is merely responding to SherryWear's allegations as pleaded. SherryWear chose what portion of the Accused Products to label as the chest strap, even including arrows to further specify what SherryWear intended the chest strap to cover. Dkt. 1, Ex. 29 at 2; *id.*, Ex. 34 at 2. But the portion of the Accused Products SherryWear identified in its Complaint as the purported chest strap does not include "a side patch" as required by every claim of the '551 and '878 patents. Although SherryWear need not prove its case at the pleading stage, it can plead itself out of court, as it has done here, by alleging facts that are "inconsistent with and contradict infringement." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021).

SherryWear relies on *Attabotics, Inc. v. UBRX, Inc.* to support its argument that Nike's contentions rely on premature claim construction, but *Attabotics* is not analogous. There, the court refused to grant a motion to dismiss for failure to state a claim because the argument was based on the ***movant's*** construction of the alleged infringed claim. *Attabotics, Inc. v. UBRX, Inc.*, No. 1:21-CV-11051-ADB, 2022 WL 1989354, at *4 (D. Mass. June 6, 2022). Unlike the defendant in *Attabotics*, Nike's argument is not "predicated on the theory that its proposed reading of the [chest

1

strap] limitation[] is the correct one," but instead on what **SherryWear** identified as the "chest strap" in its pleadings. *Id.* Consistent with the standard on a motion to dismiss, Nike took as true the allegations in SherryWear's Complaint and demonstrated how those allegations are inconsistent with infringement.

Thus, because the chest straps identified by SherryWear do not contain a side patch, SherryWear's "self-contradictory and incoherent factual allegations of direct infringement fail" to state a claim that is "plausible on its face" and must be dismissed. *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *5 (E.D. Tex. Nov. 17, 2020) ("[T]he Court need not engage in claim construction to decide [defendant]'s dismissal motion because [plaintiff]'s allegations of direct infringement are patently unworkable.").

### B. SherryWear Failed to Plausibly Plead Nike Directly Infringes Claims Requiring an Item in the Pocket.

SherryWear argues it is reasonable to infer Nike uses the Accused Products in an infringing manner (viz., by placing unnamed items in an Accused Product's alleged pockets) because it is likely that Nike internally tested its products before sale. *See* Dkt. 20 at 7. However, SherryWear's Complaint fails to mention any purported testing by Nike. As a result, its argument fails.

In its opposition, SherryWear alleges Nike uses the Accused Products "like its customers," citing customer testimonials for support, but this allegation appears nowhere in its Complaint and therefore provides no help to SherryWear. Dkt. 20 at 8. Additionally, while SherryWear points to a marketing image for the accused Swoosh On The Run bra to assert it sufficiently pleaded that Nike directly infringes its patents, that is insufficient. First, the Swoosh On The Run bra is accused of infringing only five of the eight asserted patents, so the image is irrelevant to infringement of the '016, '878, and '551 patents. Second, this image cannot support SherryWear's allegations that Nike directly infringes through use of the other Accused Products (the Swoosh Pocket Bra and

2

Swoosh Bra). Indeed, for the accused Swoosh Pocket Bra and Swoosh Bra, SherryWear's **only** reference to *Nike's* alleged direct infringement of these claims is its statement that "[o]n information and belief, Nike inserts an item into the [claimed pockets]." *See, e.g.*, Dkt. 1 at ¶¶ 93, 102, 113, 123, 133, 141 and 152. These conclusory allegations are insufficient. *Bot M8*, 4 F.4th at 1355.

Further, SherryWear relies on *Blue Engine Biologics v. Arteriocyte Med. Sys., Inc.*, No. 21-CV-11098-DJC, 2022 WL 407409 (D. Mass. Feb. 10, 2022), suggesting the Court can infer Nike used the Accused Products in an infringing manner, but that case is inapposite. In *Blue Engine*, the court found the plaintiff had sufficiently pleaded direct infringement of the method claim because the plaintiff plausibly pleaded the defendant used its product through internal testing and in demonstrations. *See id.* at *3. Unlike the plaintiff in *Blue Engine*, SherryWear failed to plead any facts in its Complaint that Nike itself used its products in an infringing manner, and thus SherryWear has not met its pleading burden. *See id.* SherryWear's other cited cases do not support denial of Nike's motion for similar reasons. *See Oxygenator Water Techs., Inc. v. Tennant Co.*, No. 20-CV-358 (ECT/HB), 2020 WL 4572062 (D. Minn. Aug. 7, 2020) (plaintiff alleged defendant conducted testing and demonstrations that occur in the course of defendant's manufacturing and sales processes); *Quantum Grp. Inc. v. Am. Sensor Inc.*, No. 96 C 0761, 1998 WL 766707 (N.D. Ill. Apr. 10, 1998) (similar).

SherryWear was required to plead sufficient facts that, when taken as true, plausibly demonstrate *Nike* makes, sells, offers for sale, or uses the accused bras with an item "[positioned/placed] within" the claimed pocket, but SherryWear has failed to do so.[1] *See Ashcroft*

---

[1] SherryWear's assertion that Nike applied the improper standard is baseless. In the very same section SherryWear cites, Nike expressly identified and applied the correct standard. *See* Dkt. 12

3

*v. Iqbal*, 556 U.S. 662, 678 (2009); *Rampage LLC v. Glob. Graphics SE*, No. 16-CV-10691-ADB, 2017 WL 239328, at *3 (D. Mass. Jan. 19, 2017). Thus, the Court should grant Nike's motion, and SherryWear's Complaint should be dismissed.

    **C.**    **SherryWear Failed to Allege Any Facts Showing Nike's Accused Products Contain "Cups Being Fabricated of a Resilient Closed Cell Polyurethane Foam with a Thickness of from 2 to 4 Millimeters."**

SherryWear's arguments ignore the fact that SherryWear failed to allege ***any*** facts plausibly demonstrating the accused bras have cups "fabricated of a resilient closed cell polyurethane foam with a thickness of from 2 to 4 millimeters." Dkt. 1, Ex. 2 ('016 patent) at claim 2. Nothing cited by SherryWear discusses foam at all, let alone that the bras' ***cups*** were made of a ***closed polyurethane foam***, as required by the claim. SherryWear's references to "Dri-Fit synthetic ***fabric***," "sweat wicking tech," and "breathable ***mesh***" cannot lead to a reasonable inference that the bra cups are made of a closed polyurethane foam, as these references plainly do not mention foam at all, let alone a closed-cell polyurethane foam. *See* Dkt. 1, Exs. 26–28, 39. Nor do the product specifications to which SherryWear refers list foam as a bra component. *See* Dkt. 20 at 10, *see also* Dkt. 1 at 10 n.3; *id.*, Ex. 26. Thus, SherryWear has failed to provide any facts that would lead a court to reasonably infer the Accused Product contains cups "fabricated of a resilient closed cell polyurethane foam with a thickness of from 2 to 4 millimeters," and the Court should grant Nike's motion to dismiss SherryWear's Complaint with respect to this claim. *Bot M8*, 4 F.4th at 1355 ("[M]ere recitation of claim elements and corresponding conclusions, without supporting factual allegations, is insufficient" to survive a motion to dismiss).

---

at 6–7 ("SherryWear's allegations with respect to the Item Claims should therefore be dismissed, as the Complaint fails to provide any factual allegations that, taken as true, plausibly allege that Nike makes, sells, offers for sale, or uses the accused bras with an item '[positioned/placed] within' the claimed pocket.").

### D. Nike Complied in Good Faith with Local Rule 7.1.

As SherryWear acknowledges, Nike sent SherryWear a good faith request to meet and confer in compliance with Local Rule 7.1(a)(2) before filing its Motion. This Court has held that attempts to meet and confer pursuant to the Rule, even requested on a "brief timeframe," do not warrant summary denial of a motion. *Sensitech, Inc. v. LimeStone FZE*, 581 F. Supp. 3d 342, 350 (D. Mass. 2022); *see also Petrosyan v. Maserati N.A., Inc.*, No. 19-CV-12425-DJC, 2020 WL 2104789, at *3 n.1 (D. Mass. May 1, 2020). SherryWear does not cite a single case suggesting Nike's compliance with Local Rule 7.1(a)(2) is a basis for denying Nike's Motion. In fact, SherryWear fails to assert it is a basis for denial at all. Regardless, the parties have since conferred, and SherryWear confirmed its intention to oppose Nike's Motion. Nike served a supplemental certification of compliance following this telephonic meet-and-confer, and SherryWear's counsel re-affirmed its opposition in a reply email. *See* Dkt. 19. Where a party would have opposed the motion to dismiss regardless, "failure 'to confer prior to filing [the] motion certain to be opposed does not warrant … summary denial.'" *Higgins v. Verizon of New England, Inc.*, No. CV 18-12092-NMG, 2019 WL 3546671, at *3 (D. Mass. Apr. 11, 2019) (citing *Maloney v. Town of Hinsdale*, C.A. No. 11-11297-MAP, 2012 WL 4103909, at *2 (D. Mass. Aug. 10, 2012). Nike has thus complied in good faith with Local Rule 7.1(a)(2), and its Motion should not be dismissed.

### III. CONCLUSION

For the foregoing reasons, and for the reasons stated in Nike's Partial Motion to Dismiss, the Court should grant Nike's Motion (i) in its entirety with respect to the '016, '551, '288, '800 and '878 patents, and (ii) with respect to claim 9 of the '510 patent, claim 10 of the '550 patent, and claims 3 and 8 of the '036 patent.

| | |
|---|---|
| Dated: November 13, 2023 | Respectfully submitted,<br><br>*/s/ Noah S. Frank*<br>Noah S. Frank<br>KIRKLAND & ELLIS LLP<br>200 Clarendon Street<br>Boston, MA 02116<br>(617) 385-7500<br>noah.frank@kirkland.com<br><br>Jeanne M. Heffernan (motion for pro hac vice to be filed)<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue<br>Austin, TX 78701<br>(512) 678-9100<br>jheffernan@kirkland.com<br><br>Nathaniel DeLucia (motion for pro hac vice to be filed)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-4800<br>nathaniel.delucia@kirkland.com<br><br>**ATTORNEYS FOR DEFENDANT NIKE, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that the above document filed through the CM/ECF system on November 13, 2023 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to non-registered participants as indicated on the NEF.

*/s/ Noah S. Frank*
Noah S. Frank