UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHERRYWEAR, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-11599-LTS |
| NIKE, INC., | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON NIKE'S PARTIAL MOTION TO DISMISS (DOC. NO. 11)

December 7, 2023

SOROKIN, J.

In this action, SherryWear, LLC, accuses Nike, Inc., of directly and indirectly infringing eight United States patents obtained by SherryWear's founder. The patents all relate to pocketed bra systems, and SherryWear alleges various claims in each patent are infringed by one or more of three pocketed sports bras developed and sold by Nike. See generally Doc. No. 1 (identifying the patents-in-suit and the allegedly infringing products and asserting one count of infringement tied to each patent).[1] Nike seeks partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Its motion challenges five of SherryWear's infringement counts in their entirety, and a small subset of patent claims included in the remaining three counts. Doc. No. 11. SherryWear has opposed the motion, Doc. No. 20, and Nike has replied, Doc. No. 21. Because Nike's motion raises issues that are both straightforward and premature, it is DENIED.[2]

---

[1] Citations to items on the Court's electronic docket reference the document and page numbers from the ECF header, which may differ from numbering included in the original documents.
[2] Nike has not requested a motion hearing, and the Court finds further argument is not warranted at this time given the nature of the challenges and the clarity of the parties' written submissions.

Nike presents three discrete challenges to SherryWear's Complaint, none of which supply a basis for dismissal under the familiar standards governing the Court's review at this juncture.[3] First, Nike urges the Court to dismiss SherryWear's claims that it infringed three of the patents at issue, claiming the allegations in the Complaint itself "render infringement impossible." Doc. No. 12 at 5; see id. at 6-8 (arguing SherryWear has "admitted," via labeled images contained in claim charts incorporated into the Complaint, that the side pockets in Nike's accused products are above, rather than "along," the bras' "chest straps"). This argument fails for reasons ably articulated by SherryWear in its opposition brief. See Doc. No. 20 at 8-11. No fair reading of SherryWear's pleadings—particularly applying the plaintiff-friendly lens required by Rule 12(b)(6)—supports a finding that SherryWear has "plead[ed] itself out of court," as Nike suggests, Doc. No. 21 at 4, by adopting the construction of the term "chest strap" urged by Nike. The images upon which Nike relies contain markings identifying a portion of the chest strap from only one perspective (i.e., viewing the front of the bra). Doc. No. 12 at 7. The Court cannot, at this stage, draw any conclusions from these images about how to construe or apply the term "chest strap" to the other portions of the bra—including the area most pertinent to the argument Nike is pressing, which concerns the placement of pockets on the sides (not the front) of the bra. See Singular Computing LLC v. Google LLC, No. 19-cv-12551, 2020 WL 3470510, at *6 (D. Mass. June 25, 2020) (rejecting narrow claim construction urged by movant at Rule 12(b)(6) stage and finding questions of claim construction precluded dismissal).

---

[3] To survive a Rule 12(b)(6) challenge, a complaint "must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," and to assume the plaintiff's well-pleaded facts are true. Id. at 679.

Second, Nike characterizes as "conclusory" and lacking in "factual support" SherryWear's allegations that Nike has "positioned" an item "within" the pockets of its accused products—a requirement of at least some claims contained in seven of the eight patents at issue. Doc. No. 12 at 5; see id. at 8-10 (suggesting allegation "on information and belief" that Nike inserts items into the pockets of its accused products is insufficient, and arguing assertion "that unnamed end users may choose to place an item within the purported pockets at some point in the future" does not aid in plausibly alleging infringement by Nike). This contention suffers from obvious flaws identified by SherryWear. Doc. No. 20 at 11-13. For one thing, the Court is satisfied that it is at least plausible to infer that Nike, in developing, designing, manufacturing, testing, and demonstrating the accused products described in the Complaint, would have placed an item or items inside the pockets at issue. Cf. Blue Engine Biologics v. Arteriocyte Med. Sys., Inc., No. 21-cv-11098, 2022 WL 407409, at *3 (D. Mass. Feb. 10, 2022) (denying motion to dismiss infringement claim, in part, because of reasonable inference that defendant had employed steps of patented method in testing and demonstrating its product). That is, of course, the entire point of a pocket. The reasonableness of this inference is underscored by a marketing photo, created by Nike and reproduced in exhibits to SherryWear's Complaint, showing a person placing a cellphone into the back pocket of one accused product.[4]  Doc. No. 20 at 13.

Third, Nike challenges—in a single paragraph—the adequacy of SherryWear's allegation that the accused products contain "cups 'fabricated of a resilient closed cell polyurethane foam with a thickness of from 2 to 4 millimeters.'"  Doc. No. 12 at 10 (quoting one of the patents).

---

[4] To the extent Nike urges the Court to view that image as irrelevant to SherryWear's infringement claims directed to products besides the one featured in the picture, Nike again disregards the standard governing the Court's review at this juncture. A showing that Nike has, in fact, placed an item in the pocket of one product provides additional support for a plausible and reasonable inference that it has done the same with the other products.

According to SherryWear, it has sufficiently alleged the accused products practice that aspect of the relevant patent claims by pointing to various settings in which Nike has described the accused products as featuring "Dri-Fit" or "sweat-wicking" fabric and technology.  Doc. No. 20 at 13-14.  Drawing reasonable inferences in SherryWear's favor and declining to prematurely engage in claim construction of disputed terms, the Court finds that evaluating and defining these aspects of the products and the patent claims is not an appropriate exercise at this time.

One final point bears mention, though it is not the basis for the Court's ruling.  This Court's Local Rule 7.1(a)(2) requires counsel, before filing any motion, to "confer[] and . . . attempt[] in good faith to resolve or narrow the issue."  Neither the letter nor the spirit of this rule is satisfied by sending an email late in the day on the deadline for filing a Rule 12 motion; demanding a response from opposing counsel within less than an hour; offering a fifteen-minute window of availability to meet and confer; filing the motion five minutes after the conclusion of that window; and including in the motion a certification that defense counsel had "attempted to confer . . . but counsel for Plaintiff have not yet responded," while omitting all of the foregoing facts.  See Doc. No. 11 at 3; Doc. No. 20 at 14-15.  Nike should bear that in mind when it confers on future motions in this case.

                                                         SO ORDERED.

                                         /s/ Leo T. Sorokin
                                       United States District Judge