UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHERRYWEAR, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 23-11599-LTS |
| NIKE, INC., | ) | |
| Defendant. | ) | |

ORDER ON MOTION TO STAY (DOC. NO. 60)

September 3, 2024

SOROKIN, J.

In the wake of the Court's claim-construction ruling, the parties filed a pair of motions. Nike, Inc., asks the Court to stay this action pending a decision by the U.S. Patent and Trademark Office Trial and Appeal Board ("PTAB") on whether it will institute inter partes review ("IPR") of any or all patents at issue in this lawsuit. Doc. No. 60. SherryWear opposes Nike's request, Doc. No. 65, and separately seeks an order compelling Nike to supplement its responses to SherryWear's document requests and interrogatories, Doc. No. 62. For reasons the Court will briefly explain, Nike's motion is ALLOWED, this action is STAYED, and SherryWear's discovery motion is TERMINATED without prejudice to renewal after the stay is lifted.[1]

Eight of SherryWear's patents are at issue in this case, each of which discloses a bra with pockets. Last month, Nike timely filed petitions asking the PTAB to institute IPR proceedings as

---

[1] The Court assumes familiarity with the events at issue in this case and, writing primarily for the parties, will not recount the background facts and procedural posture in detail here.

to each of the patents.[2]  See Doc. Nos. 61-1 to -8.  Each petition argues that the patent at which it is directed is invalid over prior art—that is, that "[b]ras with pockets have been around" for more than fifty years, and the claimed invention was "far from new."  Doc. No. 61 at 5.  For that reason, Nike urges the PTAB cancel all of the patents that ground SherryWear's infringement claims.  The PTAB will decide whether to undertake IPR based on any of Nike's petitions by mid-January of 2025 (i.e., within six months of Nike's submissions).  See id. at 7 (describing the "statutorily mandated" timeline applicable in this context); cf. Doc. No. 65 at 6 (implicitly acknowledging the same timeline).  In its motion to this Court, Nike seeks a stay pending resolution of its IPR petitions (either via rulings rejecting them and declining to institute IPR, or via decisions issued at the conclusion of IPR).

> As the undersigned has observed previously:
>
> It is plainly within this Court's inherent power and discretion to stay a case such as this one pending the conclusion of related proceedings before the PTAB.  Bos. Heart Diagnostics Corp. v. Health Diagnostics Lab., Inc., No. 13-cv-13111-FDS, 2014 WL 2048436, at *1 (D. Mass. May 16, 2014).  The exercise of this discretion is guided by three factors:  "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay would simplify the issues in question and trial of the case; and (3) the stage of the litigation."  Id.  In a patent case, the recognized expertise of the PTAB on questions of patent validity justifies a policy of liberally granting requests to stay pending the outcome of IPR proceedings, especially when such requests arise before the litigation process has advanced very far beyond the initial stages.  Id. at *2.

Order at 4-5, Am. Sci. & Eng'g, Inc. v. Viken Detection Corp., No. 20-cv-11883-LTS (D. Mass. Mar. 31, 2022), ECF No. 89.  In SherryWear's view, the three factors identified above weigh in its favor.  Doc. No. 65 at 5, 8-14.  SherryWear also urges the Court to deem Nike's motion "premature" and refuse to consider a stay unless and until IPR proceedings are instituted.  Id. at

---

[2] Though SherryWear accuses Nike of "dilatory litigation tactics," Doc. No. 65 at 5, it does not dispute the timeliness of Nike's petitions.

14-15.  Having considered the parties' arguments and the record of the proceedings that have occurred to date in this case, the Court disagrees with both of SherryWear's arguments.

<u>First</u>, the Court finds that each of the factors pertinent to motions such as Nike's supports staying this action pending the PTAB's resolution of the IPR petitions.  If the PTAB does not institute IPR proceedings, then this matter will be stayed for a few months.  SherryWear has identified no substantial (let alone undue) prejudice that will accrue from delaying further discovery and litigation in this action for that period.  The parties are not competitors.  At no point has SherryWear sought any form of emergency or immediate injunctive relief in the year since it filed this lawsuit.  Indeed, despite alleging infringement of which it became aware in early 2019, Doc. No. 1 ¶ 37, SherryWear neither sued nor sought to enjoin Nike's alleged infringement for more than four years.  Any damages incurred in the next four or five months—if any of SherryWear's infringement claims are ultimately sustained—will be compensable with monetary damages.  Nothing before the Court suggests the information SherryWear seeks in discovery will be unavailable or impaired in any way between now and early 2025.  In these circumstances, there is no support for a finding that SherryWear will suffer undue prejudice or incur a substantial tactical disadvantage by a stay.[3]

The remaining two factors also favor Nike.  A decision by the PTAB to review and assess the validity of one, several, or all of the interrelated patents at issue in this case could obviously and substantially simplify litigation of this action through the remainder of discovery, summary judgment, and trial.  That Nike advances additional theories of invalidity here does not change

---

[3] Of course, if the PTAB does institute IPR proceedings, the stay will last longer than a few months.  The same circumstances highlighted above would remain true, though, and the preference for permitting the PTAB to bring its subject-matter expertise to bear on substantial invalidity questions that it deems merit review would only provide stronger support for a stay.

that fact.  And finally, though discovery has begun, it is not yet complete.  Most (if not all) depositions have yet to occur, and disputes about paper discovery remain outstanding.  Though claim construction has occurred, it entailed only application of the plain meaning of commonly understood terms and did not feature any testimony or submission of expert discovery or other evidence bearing on the disputed terms.  Expert discovery, summary judgment briefing (where, presumably, questions of how the plain meanings of various terms apply to the accused products will be explored), and trial preparation have yet to begin.  On balance, the case has not "advanced very far beyond the initial stages."  Bos. Heart Diagnostics, 2014 WL 2048436, at *2.

Second, SherryWear is correct that stay requests are sometimes denied where IPR proceedings have not yet been instituted, and that Nike's motion would be more difficult to resist if one or more of the petitions presently pending had been granted by the PTAB.  However, the fact that the PTAB has not yet acted on Nike's petitions does not render the stay request premature or otherwise warrant denial of Nike's motion in the circumstances of this case.  Where the circumstances warrant it, federal courts including this one have granted stay requests at a similar point in the proceedings.  See Doc. No. 66 at 9 & n.5 (listing cases and distinguishing those cited by SherryWear).  Here, as the Court has explained, the circumstances warrant a stay.

Accordingly, the Motion to Stay (Doc. No. 60) is ALLOWED, and this action is STAYED pending resolution of the IPR petitions.  The Clerk shall TERMINATE the Motion to Compel (Doc. No. 62), without prejudice to SherryWear refiling it if appropriate after the stay is lifted.  The parties shall file a joint status report regarding the matters pending before the PTAB

4

by the earlier of: (i) seven days after receiving notice that the PTAB has decided to institute IPR as to any patent at issue in this lawsuit; or (ii) January 24, 2025.

                                                           SO ORDERED.

                                         /s/ Leo T. Sorokin
                                         United States District Judge